# United States Court of Appeals for the Fifth Circuit

———————

No. 24-10493
Summary Calendar

———————

United States Court of Appeals
Fifth Circuit

**FILED**

July 16, 2025

Lyle W. Cayce
Clerk

United States of America,

*Plaintiff—Appellee*,

*versus*

Joseph Vicarlos Robinson,

*Defendant—Appellant*.

———————————————————

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:22-CR-292-1

———————————————————

Before King, Southwick, and Engelhardt, *Circuit Judges*.

Per Curiam:[*]

Joseph Vicarlos Robinson appeals his convictions for possession of a firearm following conviction of a felony offense, 18 U.S.C. § 922(g)(1), and possession of a firearm in furtherance of a drug trafficking offense, 18 U.S.C. § 924(c).  He argues that his convictions must be vacated under *New York State Rifle & Pistol Ass'n, Inc. v. Bruen*, 597 U.S. 1 (2022), because the statutes

———————————————

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

No. 24-10493

of conviction violate his rights under the Second Amendment facially, but correctly concedes that this claim is foreclosed. *See United States v. Diaz*, 116 F.4th 458, 471–72 (5th Cir. 2024), *petition for cert. filed* (U.S. Feb. 18, 2025) (No. 24-6625); *United States v. Ruiz*, No. 23-10406, 2024 WL 1134725, at *2 (5th Cir. Mar. 15, 2024) (unpublished).[1] He also correctly concedes that his Commerce Clause claim is foreclosed. *See United States v. Alcantar*, 733 F.3d 143, 145-46 (5th Cir. 2013).

Robinson argues for the first time in a supplemental brief that § 922(g)(1) as applied to him also violates his Second Amendment rights in light of *Bruen*, citing this court's opinion in *Diaz*, which issued after he filed his opening brief. We ordinarily refuse to consider arguments that were not presented in the appellant's opening brief and discern no reason to vary from our ordinary practice under the circumstances presented here. *See United States v. Bowen*, 818 F.3d 179, 192 n.8 (5th Cir. 2016).

The judgment of the district court is AFFIRMED.

---

[1] Although an unpublished opinion issued on or after January 1, 1996, is not controlling precedent, it may be considered as persuasive authority. *See Ballard v. Burton*, 444 F.3d 391, 401 & n.7 (5th Cir. 2006) (citing 5TH CIR. R. 47.5.4).